UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEVEN RAMIREZ and SMASH DESIGN, LLC § § § | |
| v. § | CIVIL ACTION NO. _____ |
| § § | |
| HOME DEPOT USA, INC. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COME NOW, before this Honorable Court, STEVEN RAMIREZ ("Mr. Ramirez") and SMASH DESIGN, LLC. ("Smash Design"), Plaintiffs herein, and in this Original Complaint respectfully assert the following claims against Defendant HOME DEPOT USA, INC. ("Home Depot"), and for cause of action would show this Honorable Court as follows:

### I.   INTRODUCTION

1. Plaintiffs had a successful and thriving small business located in Alvin, Texas. On December 4, 2018, Plaintiff through its employees and/or agents purchased a new 16 inch LED industrial high bay light ("LED light") from Home Depot at its Alvin, Texas location at 140 North Bypass 35, Alvin, Texas, 77511. The light was installed and secured and worked for a few days. On December 11, 2018 the light caught fire and exploded destroying Plaintiffs' manufacturing facility. The building making up the entirety of the Smash Design operation was completely destroyed, along with all of its contents, by the devastating fire and explosion caused by the LED light purchased from Defendant Home Depot.

### II.   JURISDICTION AND VENUE

2. The matter in controversy exceeds the sum of $75,000, exclusive of costs and interest.

3. There is complete diversity of citizenship between Plaintiffs and Defendant.

4. Plaintiffs' rights and remedies arise under the common law of the State of Texas, as described in more detail, infra. The jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. § 1391(a)(2) & (3), as:

    a. all of the events giving rise to this controversy occurred within Brazoria County, which lies within the jurisdictional limits of this Houston Division of the Southern District of Texas;

    b. Defendant does substantial business within said county and division;

    c. all property at issue lies within said county and division;

    d. all contracts at issue herein were performed within said county and division; and

    e. all documents, physical and other evidence relevant to this matter were created and are preserved and maintained within said county and division.

### III.  PARTIES

5. Plaintiff, Steven Ramirez, resides in Alvin, Brazoria County, Texas.

6. Plaintiff, Smash Design, is a business operating in Alvin, Brazoria County, Texas.

7. Defendant, Home Depot, is a foreign corporation doing business in the state of Texas and may be served with citation and a copy of this complaint to its Registered Agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218 or wherever it may be found.

### IV.  FACTUAL BACKGROUND

8. On December 4, 2018, Mr. Ramirez purchased a new 16 inch LED industrial high bay light ("LED light") from Home Depot at its Alvin, Texas location located at 140 North Bypass 35, Alvin, Texas 77511.

9. Shortly thereafter, Mr. Ramirez installed the LED light in his manufacturing facility located in Alvin, Texas.

10. The LED light functioned properly for several days until, on the morning of December 11, 2018, the light caught fire and exploded with sufficient force and intensity to burn the Smash Design manufacturing facility to the ground, destroying both the building and all contents including specialized machinery, raw materials, inventory and completed products.

## V. NEGLIGENCE CLAIMS AND STRICT PRODUCT LIABILITY CLAIMS

11. The LED light in question was designed, manufactured, marketed, placed into the stream of commerce and sold by Defendant Home Depot.

12. As designed and manufactured, the LED light was unreasonably dangerous.

13. There was no substantial change in the condition of the LED light from the time it left Home Depot's control until the LED light caught fire, burning down the Smash Design building.

14. Home Depot, acting by and through its agents and employees was negligent in placing the LED light into the stream of commerce under that design, with that substandard quality of manufacture and with the lack of warnings and instructions, all of which were a proximate cause of the fire in question which caused Plaintiffs' substantial damages. These defects include:

    a. The LED light design;

    b. The manufacturing of the LED light;

    c. The marketing of the LED light; and

    d. The inadequate and/or improper testing of the LED light.

15. Each and all of the above and foregoing defects, separately or together, were a proximate and/or producing cause of the fire made the basis of this suit and the damages suffered by Plaintiffs.

## VI.    GENERAL DAMAGES OF PLAINTIFF

16.    As a direct and proximate result of Defendant's negligence, Plaintiffs have sustained the following damages, all of which are, in reasonable probability, permanent:

    a.    Loss of profits;

    b.    Loss of future profits;

    c.    Cost of repair to personal property;

    d.    Cost of repair to real property

    e.    Loss of use of personal property;

    f.    Loss of use of real property;

    g.    Loss of market value of property improvements;

    h.    Expected cost of delay in performance;

    i.    Expected cost of mitigation;

    j.    Expected cost of substitute performance;

    k.    Exemplary damages; and

    l.    Attorney fees.

17.    Because of all the above and foregoing, Plaintiffs have suffered damages and will continue to suffer damages in an amount within the jurisdictional limits of this Court.

## VII.    GROSS NEGLIGENCE AND EXEMPLARY DAMAGES

18.    The conduct of Defendant Home Depot, acting by and through its agents and employees, in failing to properly test, design, manufacture and/or provide warning and instruction as to the LED light in question, placing it in the stream of commerce and selling the LED light are all serious violations that were not just ordinary negligence, but gross negligence. In this regard the conduct of Defendant was done recklessly, without regard to the damages that might be inflicted by the

product's use. As such, Defendant, when viewed objectively from Defendant's standpoint at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm of which Defendant Home Depo had subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others, including but not limited to Plaintiffs. As a consequence, and as a punishment, exemplary damages should be awarded against Defendant Home Depot.

## VIII. PRE-JUDGMENT INTEREST

19. In addition to the above and foregoing allegations, Plaintiffs further plead they are entitled to recover pre-judgment interest at the highest rate allowed by law.

## IX. PRAYER FOR RELIEF

20. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray Defendant be cited in terms of law to appear and answer herein, and that upon final hearing, Plaintiffs recover of and from the Defendant:

    a.    A sum within the jurisdictional limits of this Court;

    b.    Exemplary damages;

    c.    Pre-judgment interest;

    d.    Costs of Court; and

    e.    Such other and further relief, at law and in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**THE LAW FIRM OF ALTON C. TODD**

<u>  /s/  *Alton C. Todd*</u>
Alton C. Todd
Federal Bar No. 1309
State Bar No. 20092000
Seth Mitchell Park
State Bar No.  24102325
312 S. Friendswood Drive
Friendswood, Texas 77546
Phone: 281-992-8633
Facsimile: 281-648-8633
seth@actlaw.com
alton@actlaw.com

*ATTORNEYS FOR PLAINTIFF*